Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
lopatin@hwrlawoffice.com
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

Attorney for Plaintiff, ALICIA SPEVAK
and the Proposed Class

FILED

JUN 1 4 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

EDL

CV 13 2767

| | |
|---|---|
| **ALICIA SPEVAK,** as an individual, and on behalf of all others similarly situated, | : Civil No.: |
| | : |
| | : **CLASS ACTION COMPLAINT FOR** |
| | : **VIOLATIONS OF:** |
| *Plaintiff,* | : 1. Cal. Bus. & Prof. C. §§ 17200, *et seq.* |
| | : (Unfair & Fraudulent Prong); |
| *vs.* | : 2. Cal. Bus. & Prof. C. §§ 17200, *et seq.* |
| | : (Unlawful Prong); |
| **KELLOGG COMPANY** a Michigan | : 3. Cal. Bus. & Prof. C. §§ 17500, *et seq.*; |
| corporation, | : 4. Cal. Civ. C. §§ 1750, *et seq.*; |
| | : |
| *Defendants.* | : ***Jury Trial Requested*** |

Plaintiff, ALICIA SPEVAK, individually and on behalf of all others similarly situated, by and through her undersigned counsel, hereby files this Class Action Complaint against Defendant, KELLOGG COMPANY (collectively "KELLOGG" or "Defendant"), by alleging as follows:

## I. INTRODUCTION

1.      KELLOGG CO. is the owner, manufacturer, advertiser, and seller of a line of snack foods commonly known as "Super Mario Fruit Snacks" (the "Product").

2. Defendant is, and at all material times, was unfairly, unlawfully, deceptively, and misleadingly advertising on the front packaging for the Product that it is "Made with Real Fruit," when in fact, it merely contains *de minimis* real fruit and unhealthy, unnatural ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit.

3. Defendant's claim that the Product is "Made with Real Fruit" is a material misrepresentation that is likely to deceive reasonable consumers and has a tendency to mislead reasonable consumers, because the Product merely contains *de minimis* real fruit and unhealthy, unnatural ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit, which a reasonable consumer would not expect from a product claiming to be "Made with Real Fruit."

4. All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under 28 U.S.C. § 1332(d), which, under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2). In addition, Plaintiff is a citizen of

California, and KELLOGG can be considered a citizen of Michigan. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the subject product of this action in this judicial district. The "Declaration of Benjamin M. Lopatin, Esq., Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§1750 et seq." regarding venue under the California Consumer Legal Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

## II. PARTIES

7.     Plaintiff is an individual more than 18 years old, and is a citizen of California, who resides in the city of San Francisco, San Francisco County. Plaintiff respectfully requests a jury trial on damage claims.

8.     Defendant KELLOGG is a Michigan corporation with its principal place of business located at 1 Kellogg Square, Battle Creek, Michigan 49016-3599. Therefore, KELLOGG can be considered a citizen of the State of Michigan. Defendant KELLOGG promoted and marketed the Product at issue in this jurisdiction and in this judicial district.

9.     The unfair, unlawful, deceptive, and misleading advertising and labeling for the Product relied upon by Plaintiff was prepared and/or approved by KELLOGG and its agents, and was disseminated by KELLOGG and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Product was designed to encourage consumers to purchase the Product and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class.

10. Plaintiff alleges that, at all times relevant herein, KELLOGG and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of KELLOGG, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

11. Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Product, as well as their respective employees, also were KELLOGG's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

12. Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, KELLOGG, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of misleading, deceptive and unfair representations, and that KELLOGG participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

13. Whenever reference in this Complaint is made to any act by KELLOGG or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of KELLOGG committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of KELLOGG while actively engaged in the scope of their duties.

### III. FACTUAL ALLEGATIONS

14. Defendant manufactures, markets, advertises, distributes and sells various snack foods. At issue here are its Super Mario Fruit Snacks (collectively, the "Product").

15. Defendant has unfairly, unlawfully, deceptively, and misleadingly represented that the Product is "Made with Real Fruit."

16. The Product merely contains *de minimis* real fruit, if any at all, coupled with many unhealthy ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit.

17. Therefore, the Product is likely to mislead, and has a tendency to deceive, reasonable consumers that the Product is "Made with Real Fruit."

18. Reasonable consumers, such as the Plaintiff and members of the Class, interpret "Made with Real Fruit" to mean that it contains whole fruit and not merely *de minimis* real fruit.

19. However, the Product is just as unhealthy and full of sugar and chemicals as its competitors that do not claim to be "Made with Real Fruit."

20. As a result of Defendant's misrepresentation, Plaintiff purchased the Product instead of other similar products that did not make the "Made with Real Fruit" allegation.

21. Defendant's claim is likely to mislead reasonable consumers to purchase and consume the Product, and did deceive the Plaintiff and members of the Class, into purchasing the Product, with the belief that it is a healthy snack, when in reality, it is an unhealthy sweet snack that is full of sugar, and chemicals.

22. Pursuant to California's Sherman Food, Drug & Cosmetic Law, (the "Sherman Act") California has expressly adopted the federal labeling requirements as its own and indicated that "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state." California Health & Safety Code §§ 110100, *et seq*. In addition to its blanket adoption of federal labeling requirements, California has also enacted

various laws and regulations that adopt and incorporate specific enumerated federal food laws and regulations. For example, food products are misbranded under section 110660 of the Health & Safety Code if their labeling is false and misleading in one or more particulars.

23. Similarly, under FDCA section 403(a), food is "misbranded" if "its labeling is false or misleading in any particular," or if it fails to contain certain information on its label or its labeling. 21 U.S.C. § 343(a).

### Plaintiff's Purchase of the Product

24. Plaintiff purchased the Product in various flavors, and most recently, in March 2013, Plaintiff purchased Super Mario Fruit Snacks from a Target store located in San Francisco, California. *See* **Exhibit 1**, attached hereto and incorporated herein, *replication of packaging purchased by the Plaintiff.*

25. In purchasing these products, Plaintiff saw, read, and relied on the labeling and advertising displayed on the packaging, namely that they were "Made with Real Fruit." Plaintiff, like other reasonable consumers, interpreted this to mean that the Product contains whole fruit, and not just *de minimis* real fruit; instead, the Product is quite the opposite because it is full of unhealthy ingredients, chemicals, and preservative additives, in addition to merely containing apple puree rather than real fruit.

26. Plaintiff has been damaged by her purchase of the Product because the labeling and advertising for the Product was and is deceptive and/or misleading under California law; therefore, the Product is worth less than what Plaintiff paid for it and/or Plaintiff did not receive what she reasonably intended to receive. Plaintiff would not have purchased the Product if she had known that it only contains a very small percentage of fruit, or she would not have paid the price premium for the Product if it had not claimed to be "Made with Real Fruit."

27. Defendant misrepresented the true nature of the Product by making the material statement that the Product is "Made with Real Fruit," because it merely contains *de minimis* real fruit, along with unhealthy ingredients, chemicals, and preservative additives, in addition to merely containing apple puree rather than real fruit.

28. Therefore, Defendant's claim that the Product is "Made with Real Fruit," is a material misrepresentation that is likely to deceive reasonable consumers.

29. Consequently, Plaintiff is bringing this class action for injunctive relief, restitution, and damages against KELLOGG for unfair, unlawful, and fraudulent advertising in violation of California's Unfair Competition Act ("UCL") *Business & Professions Code* §§ 17200, *et seq.*, California's False Advertising Law ("FAL") *Business & Professions Code* §§ 17500, *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), *Civil Code* §§ 1750, *et seq.*

## IV. CLASS ALEGATIONS

30. Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this Class Action Complaint.

31. Plaintiff brings this class action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent is:

> **All California persons who have purchased, for personal use, KELLOGG's Super Mario Fruit Snacks that claim to be "Made with Real Fruit" since April 2009.**

Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their

immediate families and judicial staff. Plaintiff reserves the right to amend the Class definition if further information and discovery indicates that the Class definition should be narrowed, expanded or otherwise modified.

32. This action is maintainable as a class action under Rule 23(a) and (b)(3) of the *Federal Rules of Civil Procedure*.

33. **Numerosity**: The Class comprises many thousands of persons throughout the State of California. The class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court.

34. **Commonality:** The questions of law and fact common to the Class have the capacity to generate common answers that will drive resolution of this action. Common questions of law and fact include, but are not limited to, the following:

> a. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
>
> b. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17500, *et seq.*;
>
> c. Whether Defendant violated Cal. Civ. Code §§ 1750, *et seq.* with its practices and representations related to the marketing, labeling and sales of the Product within California; and,

d. Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

35. **Typicality:** Plaintiff's claims and Defendant's defenses thereto are typical of the claims of the Class, as the representations made by Defendant are consistent and uniform and are contained in the advertisements and labels that every member of the Class was necessarily exposed to in purchasing the Product uniformly claiming to be "Made with Real Fruit." Thus, there exists a presumption that all Class members relied upon said uniform and consistent advertising and representations to their detriment. Additionally, all members of the Class have the same or similar injury (loss of purchase price) based on Defendant's false and misleading marketing and advertising.

36. **Adequacy:** Plaintiff does not have any conflicts with any other members of the Class, and will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

37. **Predominance:** As set forth in detail herein, common issues of fact and law predominate because all of Plaintiff's UCL, FAL and CLRA claims are based on a uniform, false and misleading advertising message which all class members were necessarily exposed to, namely that the Product is "Made with Real Fruit."

38. **Superiority:** A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually. Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members

could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## V. FIRST CAUSE OF ACTION:
### UNFAIR AND FRAUDULENT BUSINESS PRACTICES
### IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*
### (By Plaintiff and the Proposed Class Against Defendant)

39.     Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this Class Action Complaint.

40.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to the "unfair" and "fraudulent" prongs of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provide that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

41.     As alleged hereinabove, Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased the Product that unfairly, unlawfully, deceptively, and misleadingly represented it was "Made with Real Fruit."  Nevertheless, the Product merely contains *de minimis* real fruit, coupled with many unhealthy ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit.  Therefore, the Product is likely to mislead and deceive reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "Made with Real Fruit."  Reasonable consumers, such as the Plaintiff and members of the Class, interpret "Made with Real Fruit" to mean that it is in turn, a healthy snack, and an alternative to unhealthy sweets.  However, the Product is just as unhealthy and full of sugar and chemicals as its competitors that do not claim to be "Made with Real Fruit."

42.     In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

43.     The misrepresentations by Defendant are material facts and constitute an unfair and fraudulent business practice within the meaning of *Business & Professions Code* § 17200, *et seq.*

44.     Defendant's business practices, as alleged herein, are unfair and fraudulent because: (1) the injury to the consumer is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally mislead the consuming public by means of the claims made with respect to the Products as set forth herein.

45.     Defendant's business practices, as alleged herein, are fraudulent because they are likely to deceive consumers into believing that the Products have uses and benefits that they do not have.

46.     In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner, constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of *Business & Professions Code* § 17200, *et seq*.

47.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition because Defendant is marketing and selling the Products in a manner likely to deceive the public.

48.     Defendant has peddled, and continues to peddle, its misrepresentations through the Products' labels and internet advertising campaign.

49.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

50.     Plaintiff and the putative class members were misled into purchasing the Products by Defendant's deceptive conduct as alleged hereinabove.

51.     Plaintiff and other putative class members were misled because the misrepresentations and omissions were uniform and material.

52.     Pursuant to *Business & Professions Code* § 17203, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unfair and fraudulent practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to cease

labeling the Product as "Made with Real Fruit." Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's false and misleading representations.

53. Plaintiff has suffered injury in fact and has lost money as a result of Defendant's false and misleading representations.

## VI. SECOND CAUSE OF ACTION: UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* (By Plaintiff and the Proposed Class Against Defendant)

54. Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this Class Action Complaint.

55. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to the "unlawful" prong of the Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

56. As alleged hereinabove, Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Product that unfairly, unlawfully, deceptively, and misleadingly represented it was "Made with Real Fruit." Nevertheless, the Product merely contains *de minimis* real fruit, coupled with many unhealthy ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit. Therefore, the Product is likely to mislead and deceive

reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "Made with Real Fruit." Reasonable consumers, such as the Plaintiff and members of the Class, interpret "Made with Real Fruit" to mean that it is in turn, a healthy snack, and an alternative to unhealthy sweet snacks. However, the Product is just as unhealthy and full of sugar and chemicals as its competitors that do not claim to be "Made with Real Fruit."

57. In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

58. The misrepresentations by Defendant are material facts and constitute an unlawful business practice.

59. Defendant's business practices, as alleged herein, are unlawful because: (1) it is violating sections 1770(a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(16) of the CLRA, *Civil Code* § 1750, *et seq.*; and (2) it is violating *Business & Professions Code* § 17500.

60. Plaintiff and other putative class members were misled because the misrepresentations and omissions were uniform and material.

61. Pursuant to *Business & Professions Code* § 17203, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to cease claiming that the Product is "Made with Real Fruit," and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

62. Plaintiff has suffered injury in fact and has lost money as a result of Defendant's false representations.

## VII. THIRD CAUSE OF ACTION:
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*
### (By Plaintiff and the Proposed Class Against Defendant)

63. Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this Class Action Complaint.

64. This cause of action is brought pursuant to *Business & Professions Code* §§ 17500, *et seq*.

65. *Business & Professions Code* § 17500 provides that it is unlawful for any person or corporation, or any employee thereof "with intent directly or indirectly to dispose of real or personal property ... or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property... or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading..."

66. In its advertising and labeling of the Products, Defendant makes false and misleading statements that the Products are "Made with Real Fruit."

67.     Plaintiff purchased the Product that unfairly, unlawfully, deceptively, and misleadingly represented it was "Made with Real Fruit." Nevertheless, the Product merely contains *de minimis* real fruit, coupled with many unhealthy ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit. Therefore, the Product is likely to mislead and deceive reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "Made with Real Fruit." Reasonable consumers, such as the Plaintiff and members of the Class, interpret "Made with Real Fruit" to mean that it is a healthy snack, and an alternative to unhealthy sweet snacks. However, the Product is just as unhealthy and full of sugar and chemicals as its competitors that do not claim to be "Made with Real Fruit."

68.     Defendant engaged in the deceptive conduct alleged above, which included deceptive and untrue representations regarding the Products, made to induce the public to purchase the Products.

69.     In its marketing and advertising, Defendant makes knowingly false and misleading statements regarding the ingredients, characteristics, uses and benefits of the Products. Defendant is aware that the claims that it makes about the Products are false and misleading. In addition, Defendant's use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of *Business & Professions Code* §§ 17500, *et seq*.

70.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

71.     Plaintiff and the putative class members were misled into purchasing the Products by Defendant's deceptive conduct as alleged hereinabove.

72.     Plaintiff and other putative class members were misled and, because the misrepresentations and omissions were uniform and material.

73.     Pursuant to *Business & Professions Code* §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Product claiming to be "Made with Real Fruit." Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's false and misleading representations.

74.     Plaintiff has suffered injury in fact and has lost money as a result of Defendant's false representations.

## VIII. FOURTH CAUSE OF ACTION
## FOR VIOLATIONS OF CAL. CIV. CODE §§ 1750 *ET SEQ.*
### (By Plaintiff and the Proposed Class Against Defendant)

75.     Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this Class Action Complaint.

76.     This cause of action is brought pursuant to Cal. Civ. Code §§ 1750 *et seq.*, on behalf of herself and the Class.

77.     Plaintiff purchased the Product that unfairly, unlawfully, deceptively, and misleadingly represented it was "Made with Real Fruit." Nevertheless, the Product merely contains *de minimis* real fruit, coupled with many unhealthy ingredients, chemicals and preservative additives, in addition to merely containing apple puree rather than real fruit. Therefore, the Product is likely to mislead and deceive reasonable consumers who read and

rely upon the material representation on the front labeling of the Product that it is "Made with Real Fruit." Reasonable consumers, such as the Plaintiff and members of the Class, interpret "Made with Real Fruit" to mean that it is in turn, a healthy snack, and an alternative to unhealthy sweet snacks. However, the Product is just as unhealthy and full of sugar and chemicals as its competitors that do not claim to be "Made with Real Fruit."

78.     Plaintiff is an individual who purchased the Product for personal, family or household purposes.

79.     The purchase of the Product by Plaintiff and California purchasers of the Product were and are "transactions" within the meaning of Civil Code §1761(e).

80.     Defendant's marketing, labeling and advertising and sales of the Product within California, that misleadingly claim to be "Made with Real Fruit," violated the CLRA in at least the following respects as set forth in detail above:

       a.  In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have;

       b.  In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not.

       c.  In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised; and,

       d.  In violation of Civil Code §1770(a)(16), Defendant represented that the subject of the sale of the Product has been supplied in accordance with a previous representation when it has not.

81.     Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

82.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA because Defendant is still representing that the Product has characteristics and abilities which it does not have, and has thus injured Plaintiff and the Class.

83.     Plaintiff and other members of the putative Class have suffered injury in fact and have lost money as a result of Defendant's false representations.

84.     Pursuant to *Civil Code* § 1782, Plaintiff notified Defendant on or about January 29, 2013 of the alleged violations of section 1770 and demanded that the same be corrected. Defendant has not agree to the requested relief; therefore, Plaintiff seeks an award of restitution and actual, statutory, and punitive damages in accordance with *Civil Code* § 1782(a) & (d).

85.     In any event, Plaintiff seeks damages and is entitled to equitable relief in the form of an order requiring Defendant to make full restitution to California purchasers of the Product of all monies wrongfully obtained as a result of the conduct described above.

86.     Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Product claiming to be "Made with Real Fruit." Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's false and misleading representations.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ALICIA SPEVAK, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1.     For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her attorneys Class counsel;

2.     For an award of equitable relief as follows:

(a)     Enjoining Defendant from making any claims for the Products found to violate the UCL, FAL, or CLRA as set forth above; and

(b)     Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint.

3.     For an award of attorney's fees pursuant to, *inter alia*, §1780(d) of the CLRA and Code of Civil Procedure §1021.5.

4.     For actual damages in an amount to be determined at trial.

5.     For actual, statutory, and punitive damages as may be provided for by statute under the Third Cause of Action for violations of the CLRA, because the demanded corrections failed to take place within the thirty (30) day notice period.

6.     Costs of this suit;

7.     Pre- and post-judgment interest on any amounts awarded; and

8.     Providing such further relief as may be just and proper.

## X. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**Respectfully Submitted,**

**Dated: June 12, 2013**          By: _____

Benjamin M. Lopatin, Esq.
Attorneys for Plaintiff ALICIA SPEVAK and the
Proposed Class

# EXHIBIT

# 1



**Kellogg's**

# SUPER MARIO
™

## Nutrition Fact
Serving Size  1 Pouch (2
Servings Per Container

**Amount Per Serving**

**Calories**
Calories from Fat

% Daily Valu

**Total Fat** 0g
  Saturated Fat 0g
  Trans Fat 0g
**Cholesterol** 0mg
**Sodium** 0mg
**Total Carbohydrate** 17g  6
  Dietary Fiber 0g
  Sugars 11g
**Protein** less than 1g

Vitamin A                 0
Vitamin C               100
Calcium                   0
Iron                      0

* Percent Daily Values are based on
2,000 calorie diet. Your daily valu
may be higher or lower depending
your calorie needs:

|                    | Calories | 2,000 | 2,500 |
|--------------------|----------|-------|-------|
| Total Fat | Less than | 65g | 80g |
| Sat Fat | Less than | 20g | 25g |
| Cholesterol | Less than | 300mg | 300mg |
| Sodium | Less than | 2,400mg | 2,400m |
| Total Carbohydrate |  | 300g | 375g |
| Dietary Fiber |  | 25g | 30g |

Calories per gram:
Fat 9 • Carbohydrate 4 • Protein 4

**INGREDIENTS:** CORN SYRU
SUGAR, APPLE PUREE CONCE
TRATE, WATER, MODIFIED COR
STARCH, GELATIN, CONTAIN
TWO PERCENT OR LESS C
CITRIC ACID, ASCORBIC ACI
(VITAMIN C), NATURAL AN
ARTIFICIAL FLAVOR, COCONU
OIL*, CARNAUBA WAX, RED #4
YELLOW #5, SODIUM CITRAT
BLUE #1.

*ADDS A TRIVIAL AMOUNT OF FA

**Distributed by Kellogg Sales C**
**Battle Creek, MI 49016 USA**
®, TM, © 2011 Kellogg NA Co.

## Assorted Fruit Flavored Snacks

**10 Pouches**

**100% DV Vitamin C**

**Naturally & Artificially Flavored**

**70 Calories**

**FAT FREE**

**MADE WITH Real Fruit***

## NET WT 8 OZ (226g)

**Kellogg's**

# SUPER MARIO

**Questions or Comments?**
- VISIT kelloggs.com
- CALL 1-800-962-1413
  (SE HABLA ESPAÑOL)
- WRITE P.O. Box CAMB
  Battle Creek, MI 49016

